# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:18-cr-177-TJC-JRK

RONALD ROSE   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Ronald Rose is a 51-year-old inmate incarcerated at Jesup FCI, serving a 110-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin. (Doc. 41, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 29, 2027. Defendant seeks compassionate release

---

[1] The Court assumes Defendant has satisfied the statutory exhaustion requirement.

because of the Covid-19 pandemic, his age and race (Defendant is African-American), and his health. (Doc. 47, Motion for Compassionate Release). The United States has filed a response in opposition. (Doc. 49, Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is U.S.S.G. § 1B1.13, whose operative provisions, including its definition of "extraordinary and compelling reasons," still govern all motions filed under 18 U.S.C. § 3582(c)(1)(A) after the First Step Act. United States v. Bryant, No. 19–14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19

cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant claims to suffer from diabetes, hypertension, and coronary artery disease. According to the Centers for Disease Control (CDC), each of these conditions can increase the risk of serious illness from Covid-19.[2] But the CDC reports that there is only mixed evidence of an association between hypertension and severe infection.[3] Stronger evidence supports an association between severe Covid-19 and diabetes or coronary artery disease.

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Contrary to his allegations, Defendant's BOP medical records contain no evidence that he has been diagnosed with hypertension or coronary artery disease. (See Doc. 49-2, BOP Med. Records). Defendant's list of current conditions does not include either diagnosis. (Id. at 63–64). According to the medical records, his three most recent blood pressure measurements reflected readings of 122/83, 127/80, and 128/82, which do not indicate chronic hypertension. (Id. at 51). Although Defendant complained to health services of

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

having hypertension on March 18, 2021 (id. at 4), his blood pressure reading that day was 127/80 (id. at 51), and the medical encounter did not result in a diagnosis of hypertension. The medical records also contain no reference to coronary artery disease. Indeed, Defendant himself does not submit or point to any medical records showing that he has this condition. The lack of evidence matters because a movant under § 3582(c)(1)(A) bears the burden of proof.

The medical records do indicate that Defendant has type 2 diabetes. (Id. at 63). However, the records show that it is treated with 250 mg of Metformin twice per day. (Id.). The record further indicates that his diabetes is under "excellent control," that he does not have hypoglycemia, and that his most recent A1C test reflected a measurement of 6.7. (Id. at 7, 63). According to the American Diabetes Association, those whose diabetes is well-controlled have a reduced risk of severe illness from Covid-19.[4] Indeed, Defendant contracted Covid-19 in July 2020 and recovered without incident. (Doc. 49-2 at 27–28).

Defendant also cites his age and race as risk factors. The CDC confirms that age and race influence the risk of serious illness from Covid-19.[5] The CDC reports that those aged 65 and older – and especially those aged 85 and older – are at the highest risk of severe infection. While Defendant is not young, he

---

[4] https://www.diabetes.org/coronavirus-covid-19/how-coronavirus-impacts-people-with-diabetes.

[5] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

acknowledges that at 51 years old, he does not fall into the highest risk category in terms of age. (Doc. 47 at 10). Instead, he is simply at a greater risk of severe illness relative to those who are younger than he is – which is generally true of any infectious disease. With respect to race, the CDC reports that members of racial and ethnic minority groups are at increased risk of death or serious illness from Covid-19. The CDC attributes this to "[l]ong-standing systemic health and social inequities,"[6] such as diminished access to healthcare, and the fact that belonging to a racial minority is correlated with the development of more underlying health conditions at an earlier age.[7] However, Defendant does not suffer from a lack of access to healthcare. As the BOP medical records show, he has access to routine evaluations by clinicians and his conditions are managed, monitored, and treated. As the Court has also explained, the records do not show that Defendant suffers from hypertension or coronary artery disease. Although he has type 2 diabetes, the condition is treated with Metformin and is under "excellent control."

In addition, Defendant (wisely) accepted his first dose of the Moderna Covid-19 vaccine on March 26, 2021. (Doc. 49-3, Immunization Record). If Defendant has not received his second dose by now, he should be receiving it

---

[6] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[7] https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html.

soon. According to the CDC, the Pfizer and Moderna Covid vaccines have proven effective against Covid-19 under real world conditions, reducing the risk of infection by 80% for those who have received a single dose, and reducing the risk by 90% for those who have received both doses.[8] Moreover, early data shows that these vaccines work against variants.[9] Thus, that Defendant has at least been partially vaccinated against Covid-19 diminishes his risk of severe infection. [10] Under all the circumstances, the Court finds that Defendant has not established "extraordinary and compelling reasons" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1.[11]

Finally, and in any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Defendant is in prison for conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin. Specifically, Defendant was held accountable for "at least" 84 kilograms of cocaine, 4.95 kilograms of heroin, as

---

[8] https://www.cdc.gov/media/releases/2021/p0329-COVID-19-Vaccines.html#:~:text=A%20new%20CDC%20study%20provides,responders%2C%20and%20other%20essential%20workers.

[9] https://www.nature.com/articles/d41586-021-01222-5.

[10] According to the BOP's latest data regarding Jesup FCI, 102 staff members and 675 of the facility's 1,332 total inmates, or about 51% of the inmate population, have been fully inoculated. https://www.bop.gov/coronavirus/. In addition, no inmates or staff are currently positive for coronavirus at the facility.

[11] Defendant also mentions that he has constant pain from a degenerated hip joint and is in need of hip replacement surgery. (Doc. 47 at 21 n.8). However, he offers no evidence that this condition impairs his ability to function or to provide self-care in the prison environment.

6

well as 1.125 kilograms of a mixture containing fentanyl – a lethal synthetic opioid. (See Doc. 31, PSR at ¶ 27). He also received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a firearm in connection with the offense. (Id. at ¶ 28). Compounding matters, Defendant has a substantial criminal history, which includes prior convictions for the sale, purchase, or delivery of cocaine, aggravated assault, conspiracy to distribute cocaine base, conspiracy to bribe a public official and to provide or possess contraband in prison, and several domestic battery convictions. (Id. at ¶¶ 38–50). Despite being subject to a mandatory minimum sentence of 15 years in prison (id. at ¶ 84), Defendant benefited significantly from a substantial assistance reduction when the Court imposed a term of 110 months in prison, of which he has six years remaining according to the BOP. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 47) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of May, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant