UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-177-TJC-PDB

RONALD ROSE

## ORDER

Defendant Ronald Rose renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 53, Renewed Motion.) Defendant is a 52-year-old inmate incarcerated at Bennettsville FCI, serving a 110-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin. (Doc. 41, Judgment.) According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 24, 2026. Defendant seeks compassionate release because he suffers from a degenerative hip condition and hypertension, which he contends increases his risk of severe illness from COVID-19. (Doc. 53 at 1, 3.) He also asserts that his hip condition requires surgery, which he has not received despite several requests. (Id. at 3.)

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One exception is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of §

---

[1] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

2

1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And as the Third Circuit has observed, COVID-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not shown "extraordinary and compelling reasons" supporting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, cmt. 1. With respect to his hip condition, the record does not reflect that this condition substantially diminishes his ability to provide self-care within the prison environment. U.S.S.G. § 1B1.13, cmt. 1(A)(ii). The most recent medical record concerning the hip condition is a progress note, dated July 13, 2022, from

3

McLeod Physician Associates, a medical clinic to which Defendant's facility referred him. (See Doc. 53-1 at 7–10.) The note confirms that Defendant suffers severe osteoarthritis of the left hip and he experiences pain when walking. However, the note reflects that Defendant can still walk and bear weight and that treatments other than surgery are available, such as over-the-counter analgesics and physical therapy. (Id. at 7–8.) The note also shows that Defendant received a steroid injection into the affected hip joint during his visit to the clinic (id. at 8–9), reflecting that Defendant's condition is being treated, although it may not be his preferred treatment. Under these facts, neither his hip condition nor his institution's refusal to provide surgery qualify as an "extraordinary and compelling" reason for compassionate release.

As for Defendant's hypertension, the record reflects that he is prescribed lisinopril to control his blood pressure. (Doc. 53-1 at 1.) In relation to COVID-19, there is only inconclusive evidence that hypertension increases the risk of death or hospitalization.[2] And as the Court observed when it denied Defendant's last motion for compassionate release, he has received the Moderna COVID-19 vaccine, which should reduce his risk of severe illness (even if it does not eliminate it). (Doc. 51 at 5–6.) Thus, Defendant's hypertension and the risk

---

[2] Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals, Centers for Disease Control (2023), available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlying conditions.html (last visited Jan. 24, 2023).

from COVID-19 do not establish "extraordinary and compelling reasons" for a sentence reduction.[3]

Finally, the § 3553(a) factors continue to weigh against reducing Defendant's sentence for the reasons discussed in the Order denying Defendant's previous motion for compassionate release. (Doc. 51 at 6–7.) Accordingly, after considering Defendant's motion and exhibits, as well as the § 3553(a) factors, the Renewed Motion for Compassionate Release (Doc. 53) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of February, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
c:
Ronald Rose, # 17136–018
Counsel of Record

---

[3] Defendant cites three orders for the proposition that hypertension is an "extraordinary and compelling reason": United States v. Kohler, No. 8:15-cr-425-CEH-CPT, 2022 U.S. Dist. Lexis 45916 (M.D. Fla. Mar. 15, 2022); United States v. Creamer, No. 3:19-cr-168-TJC-JBT, 2022 U.S. Dist. Lexis 11629 (M.D. Fla. Jan. 21, 2022); and United States v. Jones, No. 3:05-cr-001-HES-MCR, 2022 U.S. Dist. Lexis 3180 (M.D. Fla. Jan. 6, 2022). (Doc. 53 at 4.) Defendant overlooks that in each of these cases, the defendants had additional conditions that were more severe than hypertension and osteoarthritis, such as aortic aneurysm, obesity, and a history of near-fatal pancreatitis (Kohler), congestive heart failure (Creamer), and advanced age and chronic kidney disease (Jones).