UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 3:18-cr-177-TJC-PDB

RONALD ROSE

**O R D E R**

Defendant Ronald Rose again renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 55). Defendant is a 53-year-old inmate incarcerated at Bennettsville FCI, serving a 110-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin. (Docs. 41; 55; 60). According to the Bureau of Prisons (BOP), he is scheduled to be released on August 11, 2026. Defendant seeks compassionate release because he suffers from prostate cancer, cholesterol, hypertension, diabetes, and a degenerative hip condition. (Doc. 55 at 1, 2). He asserts that he should released to obtain the health care he needs for his physical conditions. Id. at 2.

Generally speaking, a district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. § 3582(c). One exception is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that [] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

§ 3582(c)(1)(A). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1249 (11th Cir. 2021), cert. denied, 142 S.Ct. 583 (2021); see also § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons"). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one . . . ." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

The application notes of § 1B1.13 define four circumstances that qualify as extraordinary and compelling reasons for compassionate release: (A) a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the Bureau of Prisons Director.

2

United States v. Creamer, No. 3:19-cr-168-TJC-JBT, 2022 WL 195311, at *2 (M.D. Fla. Jan. 21, 2022) (Corrigan, J.) (citing § 1B1.13, cmt. 1.). "[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions–i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1237–38.

Defendant has not shown "extraordinary and compelling reasons" supporting compassionate release. § 3582(c)(1)(A); § 1B1.13, cmt. 1. Defendant raises his new diagnosis of prostate cancer. (Doc. 55 at 1, 2). In February 2023, Defendant received a diagnosis of "[m]alignant neoplasm of prostate," and later, his urologist requested a follow-up with Defendant "to offer treatment plans for [his] newly diagnosed low risk prostate cancer." (Doc. 59 at 15, 20). The urologist elaborated on the diagnosis, describing the cancer as "[a]denocarcinoma of the prostate, Gleason score 3 + 3 (6/10)." Id. at 15. Defendant initially elected a course of "watchful waiting for now," but some records show he wished to pursue other treatment options. Id. at 15, 19, 230–33; Doc. 60 at 5–7.

3

Though prostate cancer is a significant development in Defendant's health, at this stage, it is not a terminal illness nor a serious physical condition "that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." See § 1B1.13, cmt. 1. According to the Mayo Clinic, a Gleason score of 6 out of 10 indicates a low-grade prostate cancer, which is consistent with the urologist's note describing Defendant's condition as "low risk." See Prostate Cancer, Mayo Clinic (2023), https://www.mayoclinic.org/diseases-conditions/prostate-cancer/diagnosis-treatment/drc-20353093 (last visited June 7, 2023); (Doc. 59 at 230–33). Prostate cancer also is unlikely to be fatal, as the American Cancer Society reports that only about 1 in 41 men will die of prostate cancer and that although "[p]rostate cancer can be a serious disease . . . most men diagnosed with prostate cancer do not die from it." See Key Statistics of Prostate Cancer, American Cancer Society (2021), https://www.cancer.org/content/dam/CRC/PDF/Public/8793.00.pdf (last visited June 7, 2023). Further, in the Government's response, the Clinical Director of Bennettsville FCI, Dr. Onuoha, reported that Defendant currently has no new cancer-related symptoms and "continues to be independent for all his activities of daily living." (Doc. 60 at 7–8). The urologist also may recommend that Defendant be moved to a BOP medical facility depending on how Defendant's condition changes, which suggests that Defendant is receiving attentive health care. Id. at 8. In

4

short, nothing thus far in Defendant's medical record indicates his cancer diagnosis constitutes a serious physical condition or terminal illness as defined in § 1B1.13. Additionally, as this Court found before, none of Defendants' other medical conditions meet this standard either. (See Docs. 51; 54).

With that said, it is possible Defendant's prostate cancer may progress towards something more serious in the future. Should his health condition change such that the cancer, or a different illness, becomes a terminal or serious medical condition as defined in § 1B1.13, the Court may consider another motion for compassionate release under those circumstances. But those circumstances are not present here.[1] To the extent the Government seeks relief to file Defendant's medical records under seal in the event Defendant files another motion for compassion release, the Government may do so in advance of a response. Nevertheless, the Court may still order the Government to respond to such a motion if needed.

---

[1] The Court also notes that the § 3553(a) factors still weigh against reducing Defendant's sentence at this time for the reasons discussed in the Order denying Defendant's first motion for compassionate release. (Doc. 51 at 6–7).

Accordingly, it is hereby

**ORDERED:**

After considering Defendant's motion and exhibits, as well as the § 3553(a) factors, the Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(C)(1)(a) (Doc. 55) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Frank Merrill Talbot, II, AUSA
David Austin Makofka, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

6